1  **LAW OFFICE OF EDUARDO J. CELAYA, PLLC**
2  Eduardo J. Celaya #014747
   2942 N. 24TH Street, Suite 114
3  Phoenix, Arizona 85016
   Phone (602) 281-4547
4  Fax (602) 424-5757
   celayalaw@gmail.com
5  Attorney for Plaintiff
6
7                    UNITED STATES DISTRICT COURT
8                       DISTRICT OF ARIZONA
9

| | |
|---|---|
| 10 | |
| 11 | |
| Valerie Hieb, | Case No. |
| 12 | |
| 13 | |
| Plaintiff, | |
| 14 | |
| v. | **COMPLAINT** |
| 15 | |
| 16 | |
| Midland Funding LLC, an Arizona L.L.C.; and Bank of America, N.A., | |
| 17 | |
| 18 | |
| Defendants. | |
| 19 | JURY TRIAL DEMANDED |
| 20 | |

21
                        **JURISDICTION**
22

23      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C.

24  § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

25

This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

Plaintiff  Valerie Hieb is a natural person who resides in the Lake Havasu City, County of Mohave, State of Arizona and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

Defendant Midland Funding, LLC is a collection agency operating from an address of 8875 Aero Drive, Suite 200, San Diego, California 92123 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and is doing business in the State of Arizona.

Defendant Bank of America, N.A.  is a national bank authorized to do business in the State of Arizona.

## FACTUAL ALLEGATIONS

Sometime prior to 2007, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt with Bank of

1    America, in the approximate amount of $3998.35 which was used by Plaintiff for

2    personal, family, and household purchases.

3        On or about October 6, 2006 Plaintiff, in an effort to solve her debt problems,

4    retained the services of the Seideman Law Firm, P.C., a firm that specializes in providing

5    assistance to people struggling with consumer debt issues.

6        On or about June 15, 2007, with the Seideman Law Firm, acting as her agent,

7    Plaintiff reached an agreement with Defendant Bank of America to settle the debt for

8    $994.00. Under the terms of this agreement, the $994.00 had to be paid by June  25, 2007.

9

10   A letter evidencing this agreement is attached as Exhibit "A" hereto.

11       On or about June 19, 2007, check number 20372 (attached hereto as Exhibit

12   "B") cleared and was deposited in a bank account owned by Defendant Bank of

13   America. It is alleged and believed that after the settlement was processed, Bank of

14   America assigned the account to Midland Funding, LLC for collection from Plaintiff.

15

16       On or about September 16, 2008, Defendant Midland Funding, LLC filed a lawsuit

17   against Plaintiff in the Justice Court of Arizona seeking $4,057.14 in damages. A copy of

18   the lawsuit is attached hereto as Exhibit "C".Plaintiff was later served with the

19   aforementioned lawsuit. Alarmed, Plaintiff then contacted her attorney at Seideman Law

20   Firm who notified Defendant Midland Funding, LLC that the account was already settled

21   and that the lawsuit was not necessary.  Despite this notification, Defendant Midland

22

23   Funding, LLC continued to purse legal action against Plaintiff.

24       On or about December 15, 2008, a default judgment was entered against Plaintiff

25   in the Justice Court of Arizona.

1   The above-described collection communications made to Plaintiff by Defendant

2   Midland Funding, LLC and other collection employees employed by Defendant Midland

3   Funding, LLC were made in violation of numerous and multiple provisions of the

4   FDCPA, including but not limited to 15 U.S.C. § 1692f(1) and §1692c(5).

5   The above-detailed conduct by these Defendants of harassing Plaintiffs in an effort to

6   collect this debt was a violation of numerous and multiple provisions of the FDCPA,

7   including, but not limited to, the above mentioned provisions of the FDCPA, as well as an

8

9   invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual

10  damages to this Plaintiff.

11      Defendants' illegal abusive collection communications as more fully described

12  above were the direct and proximate cause of severe emotional distress on the part of

13  Plaintiff and caused her unnecessary personal strain. Plaintiff has suffered actual damages

14  as a result of these illegal collection communications by these Defendants in the form of

15

16  anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment,

17  amongst other negative emotions, as well as suffering from unjustified and abusive

18  invasions of personal privacy.

19

20                           **TRIAL BY JURY**

21      Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all

22  issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

23

24

25

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692 et seq.)

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

As a result of each and every Defendants' violations of the FDCPA, Plaintiffs is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendant as follows:

1.     For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant;

2.     For an award of statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant.

3.     For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant;

1    for such other and further relief as may be just and proper.

2           Respectfully submitted on this

3    date of July 21st , 2009.

4

5                                                  **Law Office of Eduardo J. Celaya, PLLC**

6
                                                   By:  s/*Eduardo J. Celaya*
7                                                  Eduardo J. Celaya
                                                   2942 N. 24th Street, Suite 114
8                                                  Phoenix, Arizona 85016
                                                   Attorney for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25